99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Mirelis RIVAS, Defendant-Appellant.
 No. 95-1244.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 1
 For defendant-appellant: Michael H. Gold, New York, NY.
 
 
 2
 For appellee:James Castro-Blanco, Ass't U.S. Att'y, E.D.N.Y., Brooklyn, NY.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present: McLAUGHLIN, LEVAL, Circuit Judges, PARKER, District Judge.*
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 7
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of conviction and sentence of the district court be and it hereby is AFFIRMED.
 
 
 8
 Mirelis Rivas appeals from an October 4, 1994 judgment of conviction and sentence entered in the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., Judge ) following his plea of guilty to a cocaine-trafficking conspiracy, in violation of 21 U.S.C. § 846. Prior to sentencing, Rivas moved pro se to withdraw his guilty plea and to appoint new counsel on the ground that his attorney had tricked him into pleading guilty. The district court deferred decision on the motion to withdraw the plea, but appointed new counsel. At sentencing, Rivas's new counsel renewed the motion to withdraw the plea. After reviewing the transcript of the plea colloquy, the district court denied the motion, and sentenced Rivas to sixty-three months' imprisonment and four years' supervised release.
 
 
 9
 On appeal, Rivas's counsel renews his challenge to the voluntariness of Rivas's guilty plea, and argues that the district court should have held an evidentiary hearing to determine whether Rivas's guilty plea was voluntary. Rivas, pro se, adds arguments that the district court relied at sentencing on information from unidentified parties, thereby depriving him of his Sixth Amendment right to confront the witnesses against him, that his plea was invalid because he was on medication during the colloquy, and that his first lawyer was constitutionally ineffective. None of these argument persuade us.
 
 
 10
 1. A district court may permit the withdrawal of a guilty plea prior to sentencing "upon a showing ... of any fair and just reason." Fed.R.Crim.P. 32(d). But, a defendant has no absolute right to withdraw his guilty plea. See United States v. Rodriguez, 968 F.2d 130, 140 (2d Cir.), cert. denied, 113 S.Ct. 139 (1992). Rather, he must persuade "the trial judge that there are valid grounds for withdrawal, taking into account any prejudice to the government." United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.1992) (internal quotation marks omitted). And, the district court need not hold an evidentiary hearing on a withdrawal motion if it is supported only by conclusory or inherently incredible allegations, or if these allegations contradict the record. See id. Finally, we will not overturn a district court's refusal to allow the withdrawal of a plea absent an abuse of discretion. See, e.g., United States v. Vega, 11 F.3d 309, 313 (2d Cir.1993).
 
 
 11
 There was no abuse of discretion here. Rivas offered only conclusory allegations that his lawyer had "tricked and misled" him. No hard facts were offered. These unsubstantiated allegations did not warrant an evidentiary hearing. See Gonzalez, 970 F.2d at 1100. Furthermore, they did not outweigh the defendant's own statements under oath during the plea colloquy that he was guilty and that he was satisfied with his counsel's performance. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("[s]olemn declarations in open court carry a strong presumption of verity"); see also United States v. Saft, 558 F.2d 1073, 1082 (2d Cir.1977) (defendant's open court admission of guilt refuted his later claim that his plea was involuntary). On these facts, there was no need for the government to demonstrate prejudice. See Vega, 11 F.3d at 313 ("[g]iven the absence of any valid ground for withdrawal of the plea, the court could properly" deny the motion without considering whether "withdrawal would prejudice the government").
 
 
 12
 2. Rivas's pro se contentions need not detain us. Rivas has not specified which information relied on at sentencing came from "unidentified" sources, nor are any such sources apparent from the record. Next, after learning that Rivas was taking medication, the district court satisfied itself that the medication had not impaired Rivas's ability to understand the proceedings, thus satisfying its obligations under United States v. Rossillo, 853 F.2d 1062 (2d Cir.1988). Finally, Rivas's challenge to his first lawyer's ineffectiveness is not properly before us, since it concerns matters largely outside the record. See Billy-Eko v. United States, 8 F.3d 111, 114 (2d Cir.1993). Rivas should therefore pursue his ineffectiveness claim in a § 2255 petition. See id. We note, however, that his claim is belied by his own statement, under oath, that he was satisfied with his first lawyer's performance. And, he seems not to have demonstrated any prejudice from that lawyer's alleged ineffectiveness. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (to prevail on ineffectiveness claim, defendant must prove that his attorney's conduct fell below an objective standard of reasonableness, and that but for the attorney's errors, the result of the proceeding would have been different).
 
 
 13
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation